**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TRACEY O'NEIL, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BLOOMIN' BRANDS, INC.; OS RESTAURANT SERVICES, LLC; and OUTBACK STEAKHOUSE OF FLORIDA, LLC, <br><br> Defendants. | |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Tracey O'Neil, individually and on behalf of all others similarly situated (collectively, the "Plaintiff Collective" or "Plaintiff Class"), by and through her attorneys, Caffarelli & Associates Ltd., complains against Defendants Bloomin' Brands, Inc. ("BBI"), OS Restaurant Services, LLC ("OS"), and Outback Steakhouse of Florida, LLC ("Outback") (collectively, "Defendants"), as follows, based upon personal knowledge as to herself and her own experiences, and, as to all other matters, upon information and belief:

**NATURE OF ACTION**

1. This lawsuit arises from Defendants' violations of the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d) ("EPA") and the Illinois Equal Pay Act of 2003, 820 ILCS § 112/1, *et seq.* ("IEPA"), in that Defendants paid Plaintiff, the Plaintiff Collective, and the Plaintiff Class wages at a rate less than the rate at which Defendants paid employees of the opposite sex for the same or substantially similar work on jobs the performance of which required substantially similar skill, effort, and responsibility, and which were performed under similar working conditions.

2. Plaintiff brings this lawsuit as a collective action arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") in order to proceed with this action against

Defendants for claims relating to the violation of the Plaintiff Collective's statutory rights under the EPA, and to recover damages based upon Defendants' actions. Plaintiff's consent form is attached as <u>Exhibit A</u>.

3. Plaintiff also seeks class certification on behalf of the Plaintiff Class pursuant to Fed. R. Civ. P. 23(b)(1), (2), (3), and/or Fed. R. Civ. P. 23(c)(4) as may be warranted, in order to proceed with this action against Defendants for claims relating to the violation of the Plaintiff Class's statutory rights under the IEPA, and to recover damages based upon Defendants' actions.

## PARTIES

4. Plaintiff is a former employee of Defendants. Plaintiff worked for Defendants at an Outback Steakhouse restaurant located at 5535 Touhy Ave., Skokie, Illinois 60077 (the "Restaurant").

5. Plaintiff is an adult resident of Cook County, Illinois.

6. The members of the Plaintiff Collective and Plaintiff Class are other individuals employed by Defendants as managers who were similarly subjected to Defendants' violations of the EPA and IEPA, respectively.

7. Plaintiff and members of the Plaintiff Collective were, at all relevant times, "employees" within the definition of the EPA, 29 U.S.C. § 203(e)(1).

8. Plaintiff and members of the Plaintiff Class were, at all relevant times, "employees" within the definition of the and the IEPA, 820 ILCS 112/5.

9. Bloomin' Brands, Inc. ("BBI") is a Delaware corporation and restaurant holding company. BBI owns and operates several restaurant brands throughout the United States, including Outback Steakhouse, Carraba's Italian Grill, Bonefish Grill, and Fleming's Steakhouse & Wine Bar.

10. Outback Steakhouse of Florida, LLC ("Outback") is a foreign limited liability company registered to do business in Illinois. Outback is a wholly owned subsidiary of BBI.

11. OS Restaurant Services, LLC ("OS") is a foreign limited liability company registered to do business in Illinois. OS is a wholly owned subsidiary of Outback.

12. At all relevant times, Defendants were "employers" of Plaintiff as defined by the EPA, 29 U.S.C. § 203(d).

13. At all relevant times, Defendants were "employers" of Plaintiff as defined by the IEPA, 820 ILCS 112/5.

14. Defendants are enterprises as defined in 29 U.S.C. § 203(r)(1).

15. Defendants are enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

## JURISDICTION AND VENUE

16. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343, as well as under Section 16(b) of the FLSA, as amended 29 U.S.C. § 216(b), and as incorporated into the EPA. This Court has supplemental jurisdiction over Plaintiff's IEPA claim pursuant to 28 U.S.C. § 1367.

17. This Court has personal jurisdiction over Defendants pursuant to Fed. R. Civ. P. 4(k)(1)(A) because they would be subject to a court of general jurisdiction in Illinois as a result of transacting business in, and/or having significant contacts with this District, as well as for each being an "entity for whom employees are gainfully employed in Illinois" as specifically defined in the IEPA, 820 ILCS 112/5.

18. This Court has jurisdiction over Plaintiff because she is a resident of a county within this District.

19. At all relevant times, Plaintiff lived and worked for Defendants in this District and Defendants conducted business within this District. Accordingly, venue in this District is proper. 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

20. Plaintiff and members of the Plaintiff Collective are females employed in managerial positions at Defendants' restaurant chains at any time within the three years preceding the filing of this Complaint.

21. Plaintiff and members of the Plaintiff Class are females employed in managerial positions at Defendants' restaurant chains in the State of Illinois within the five years preceding the filing of this Complaint.

22. Ms. O'Neil began working for Defendants at the Restaurant on or about August 26, 2019.

23. Prior to her employment with Defendants, Plaintiff had approximately 30 years of experience working intermittently in various management positions.

24. Defendants are organized according to the following structure: a Regional Vice President manages operations in several states; a Junior Venture Partner manages several restaurants within their assigned territory; and each restaurant is staffed with one Managing Partner along with several lower-level managers.

25. Upon information and belief, all restaurants owned and operated by Defendants are organized following this same managerial structure.

26. Upon information and belief, all employees in managerial positions at Defendants' restaurant chains, regardless of title, are trained in the same manner and perform the same core tasks, including organizing repairs and maintenance, making and correcting employee schedules,

4

supervising lower-level employees, and managing budgets. As a result of this overlap, employees in managerial positions are often rotated between different specific titles.

27. Upon information and belief, employees in managerial positions can be and often are transferred to other restaurant locations and to Defendants' other restaurant chains.

28. Plaintiff was hired as a manager by Kevin Vo, a former Junior Venture Partner at Outback Steakhouse. Plaintiff's starting salary was $55,000.

29. Plaintiff worked with male managers at the Restaurant with whom she shared the same job duties, including organizing repairs and maintenance, making and correcting employee schedules, supervising lower-level employees, and managing budgets.

30. In or around March 2020, Plaintiff was promoted to Managing Partner. At that time, her salary increased to $60,000.

31. As a Managing Partner, Plaintiff's job duties included organizing repairs and maintenance, making work schedules for Restaurant staff, supervising staff, handling guest complaints, ordering supplies, and managing the Restaurant's budget.

32. Defendants employed male Managing Partners within Plaintiff's territory and throughout the state and country who performed the same job responsibilities at their respective restaurants.

33. As a Managing Partner, Plaintiff had access to the salary information of all Restaurant staff, including managers.

34. While reviewing this information, Plaintiff noticed that female managers were paid lower salaries than male managers. Specifically, Plaintiff noted three separate female managers earned salaries in the $40,000 range, while a male manager earned approximately $51,000.

35. In or around December 2020 or January 2021, Jeremy Dishler was hired to replace Mr. Vo as Junior Venture Partner for the Restaurant.

36. Mr. Dishler's territory was comprised of eleven Outback Steakhouse restaurants throughout the State of Illinois, one in each of the following locations: Bloomingdale, Chicago, Crystal Lake, Downer's Grove, Gurnee, Mount Prospect, Rockford, Schaumburg, and Skokie (Plaintiff's location). Mr. Dishler's territory also included two locations in Madison, Wisconsin.

37. Plaintiff repeatedly voiced her concerns about the pay disparity between male and female managers to Mr. Dishler, but Mr. Dishler ignored her complaints.

38. In or around January 2022, a male manager was transferred to the Restaurant from another Outback Steakhouse location. At that time, Plaintiff learned that the male manager earned $75,000 per year.

39. Plaintiff immediately notified Mr. Dishler of the pay disparity between the female management, including herself, and the male manager, but Mr. Dishler again ignored her complaint.

40. In or around May 2022, a second male manager at the Restaurant was promoted to Managing Partner at Defendants' Outback Steakhouse location in Chicago. Plaintiff thereafter learned that his new salary was $70,000.

41. Plaintiff immediately notified Mr. Dishler of the pay disparity between herself and this second male Managing Partner, but he ignored her complaint.

42. In or around June 2022, a third male manager at the Restaurant was promoted to Managing Partner at Defendants' Outback Steakhouse location in Madison, Wisconsin. Plaintiff thereafter learned that his new salary was $70,000.

6

43. Plaintiff immediately notified Mr. Dishler of the pay disparity between herself and the third male Manager Partner, but he ignored her complaint.

44. Upon information and belief, Defendants use the same pay practices throughout Defendants' restaurant brands.

45. Specifically, Plaintiff is aware that women in managerial positions at other restaurant chains owned and operated by Defendants are also paid less than men in managerial positions. In or around October 2020, a former Managing Partner at Bonefish Grill in Troy, Michigan informed Plaintiff that two women in managerial positions with the same or more years of experience in their position were paid thousands of dollars less than a man in the same position.

46. As alleged herein, Defendants' practice of paying Plaintiff and all women in managerial positions less than their similarly situated male counterparts violates the EPA and IEPA.

47. In light of the fact that Defendants were aware of the pay discrepancies between men and women in managerial positions, they should have separately investigated, discovered and rectified them. Their failure to do so was willful and wanton, and displayed a callous disregard for the rights of the Plaintiff, the Plaintiff Collective, and the Plaintiff Class, and warrants the imposition of punitive damages under the IEPA.

## COLLECTIVE ACTION ALLEGATIONS

48. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by the Plaintiff behalf of herself and other individuals who are similarly situated, who have been damaged by Defendants' failure to comply with 29 U.S.C. § 206(d) and § 251. The Plaintiff Collective is defined as follows:

> **All women employed in a managerial position by Defendants within the three years prior to the filing of the Complaint in this action.**

7

49. Plaintiff is similarly situated to past and present female employees of the Defendants who performed the same or similar job duties and have been compensated pursuant to the same policies and practices.

50. Plaintiff and similarly situated individuals have been subject to common personnel policies that result in a failure to provide equal pay to women in managerial positions as compared to men in managerial positions.

51. During all relevant times, Defendants had a common policy and practice regarding the payment of wages that resulted in the payment of unequal, lower wages to women in managerial positions as compared with men in managerial positions for the same or substantially similar work on jobs the performance of which required substantially similar skill, effort, and responsibility, and which were performed under similar working conditions.

52. For all members of the Plaintiff Collective to become fully aware of their right to join this cause of action, a certain period of time as determined by this Court is necessary to send notice to the entire Plaintiff Collective, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b) and the EPA.

53. Pursuant to 29 U.S.C. § 216(b) and the EPA, the Court should, in addition to any judgment awarded the Plaintiff Collective, allow reasonable attorneys' fees and costs of the action to be paid by Defendants.

54. In order to bring this cause of action, it has been necessary for Plaintiff and will become necessary for the other members of the Plaintiff Collective, to employ attorneys to secure a judgment due them with regard to unpaid overtime compensation and with respect to being paid equal pay for equal work.

## CLASS ALLEGATIONS

55. Upon information and belief, the practices, policies, and consequences pertinent to Defendants' payment practices as described above applied to each Plaintiff Class member.

56. Upon information and belief, Defendants employ at least 50 individuals in Illinois who are similarly situated persons and potential Plaintiff Class members.

57. **Class Definition:** Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(1), (2), (3), and/or Fed. R. Civ. P. 23(c)(4) on behalf of herself and a class of similarly situated individuals, defined as follows:

> **All women employed by Defendants within the State of Illinois in a managerial position within the five years prior to the filing of the Complaint.**

58. **Numerosity:** The exact number of Plaintiff Class members is unknown to Plaintiff at this time, but upon observation, information, and belief, it is at least 50 individuals, making individual joinder impracticable. Ultimately, the Plaintiff Class members will be easily identified through Defendants' records.

59. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Plaintiff Class, and those questions predominate over any questions that may affect individual members of the Plaintiff Class. Common questions of law and fact include, but are not necessarily limited to, whether Defendants paid women in managerial positions at a rate less than the rate at which it paid men in managerial positions and how Defendants determined what to pay men and women in managerial positions during the relevant time period.

60. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Plaintiff Class and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Plaintiff

9

Class, and Defendants have no defenses unique to Plaintiff. Plaintiff is an adequate representative of the Plaintiff Class because all potential plaintiffs were subject to Defendants' uniform policies and practices. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Plaintiff Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Plaintiff Class.

61. **Appropriateness**: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Plaintiff Class is impracticable. The damages suffered by the individual members of the Plaintiff Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' wrongful conduct. Thus, it would be virtually impossible for the individual members of the Plaintiff Class to obtain effective relief from Defendants' misconduct. Even if members of the Plaintiff Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

### COUNT I – EQUAL PAY ACT: PAY DISCRIMINATION
### (National Collective Action on Behalf of All Women in Managerial Positions)

62. Plaintiff restates and incorporate Paragraphs 1 through 55 as though fully set forth herein.

63. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Defendants' failure to comply with 29 U.S.C. § 206. Plaintiff attaches as <u>Exhibit A</u> her Notice of Consent to Become Party Plaintiff in a Collective Action under the FLSA.

64. The EPA makes it unlawful for an employer to discriminate between employees on the basis of sex by paying wages to an employee at a rate less than the rate at which the employer pays wages to an employee of the opposite sex for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions. 29 U.S.C. § 206(d)(1).

65. "Employee" under the EPA is defined as "any individual employed by an employer." 29 U.S.C. § 203(e)(1).

66. "Employer" under the EPA is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(d).

67. Plaintiff and members of the Plaintiff Collective were employees of Defendants at all times relevant to this Complaint, and Defendants were their employers at all times relevant to this Complaint.

68. Defendants set the pay rates of Plaintiff and all employees in managerial positions at all times relevant to this Complaint.

69. Upon information and belief, throughout the statutory period, Defendants paid women in managerial positions less than they paid men in managerial positions.

70. Defendants' practice of paying women in managerial positions less than men in managerial positions described herein violated the EPA.

WHEREFORE, Plaintiff Tracey O'Neil, individually and on behalf of other similarly situated individuals, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants and grant her the following relief:

a) Certifying this case as a Collective Action pursuant to 29 U.S.C. § 216(b);

b) Awarding the entire amount of the disparity in pay between Plaintiff and the Plaintiff Collective and their similarly-situated male counterparts;

c) Awarding liquidated damages pursuant to 29 U.S.C. § 216(b);

d) Enjoining the Defendants from violating the EPA in the future;

e) Awarding pre- and post-judgment interest, to the extent allowable;

f) Awarding reasonable litigation expenses and attorneys' fees and costs; and

g) Any further relief that is deemed just and equitable.

**COUNT II – ILLINOIS EQUAL PAY ACT: PAY DISCRIMINATION**
**(Illinois Class Action on Behalf of All Women in Managerial Positions)**

71. Plaintiffs restate and incorporates Paragraphs 1 through 48 and 56 through 62 as though fully set forth herein.

72. The IEPA makes it unlawful for an employer to discriminate between employees on the basis of sex by paying wages to an employee at a rate less than the rate at which the employer pays wages to an employee of the opposite sex for the same or substantially similar work on jobs the performance of which requires substantially similar skill, effort, and responsibility, and which are performed under similar working conditions, except under certain conditions. 820 ILCS 112/10(a).

73. "Employee" under the IEPA is defined as "any individual permitted to work by an employer." 820 ILCS 112/5.

74. "Employer" under the IEPA is defined as "an individual, partnership, corporation, association, business, trust, person, or entity for whom employees are gainfully employed in

Illinois and includes the State of Illinois, any state officer, department, or agency, any unit of local government, and any school district." *Id.*

75. Plaintiff and the Plaintiff Class members were employees of Defendants at all times relevant to this Complaint.

76. Defendants set the rates of Plaintiff's and all managers' pay at all times relevant to this Complaint.

77. Upon information and belief, throughout the statutory period, Defendants paid women in managerial positions less than they paid men in managerial positions employed within the same county.

78. Defendants' practice of paying women in managerial positions less than men in managerial positions described herein violated the IEPA.

WHEREFORE, Plaintiff Tracey O'Neil, individually and on behalf of other similarly situated individuals, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants and grant her the following relief:

a) Certifying this case as a class action on behalf of the Plaintiff Class defined above, appointing Plaintiff as representative of the Plaintiff Class, and appointing Plaintiff's counsel as Class Counsel;

b) Awarding the entire amount of the disparity in pay between Plaintiff and the Plaintiff Class and her similarly-situated male counterparts;

c) Enjoining the Defendants from violating the IEPA in the future;

d) Awarding pre- and post-judgment interest, to the extent allowable;

e) Awarding compensatory damages, to the extent allowable;

f) Awarding punitive damages, to the extent allowable;

g) Awarding reasonable litigation expenses and attorneys' fees and costs; and

h) Any further relief that is deemed just and equitable.

13

Dated: September 8, 2022

Alexis D. Martin (#6309619)
Nicole Young (#6333586)
Caffarelli & Associates Ltd.
224 S. Michigan Ave., Ste. 300
Chicago, Illinois 60604
Tel. (312) 763-6880
*amartin@caffarelli.com*
*nyoung@caffarelli.com*

Respectfully submitted,

TRACEY O'NEIL, individually and on behalf of all others similarly situated,


By: /s/ Alexis D. Martin
    One of Plaintiff's Attorneys